IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01767-PSF-MEH

CARL WILLIAM PURSLEY, JR.,

    Applicant,

vs.

AL ESTEP, Warden of L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON PENDING MOTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Applicant's Motion for Appointment of Counsel (Docket #9), Motion for Leave to Expand the Record Pursuant to Rule 7 of the Rules Governing § 2254 Cases (Docket #12), and Applicant's Motion for Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing § 2254 Cases (Docket #17). For the reasons stated below, these motions will be **denied.**

**1.     Motion for Appointment of Counsel.**

The right to counsel guaranteed under the Sixth Amendment applies only to criminal proceedings. *Smith v. Secretary of N.M. Dep't of Corrections*, 50 F.3d 801, 821 n. 29 (10th Cir. 1995). Habeas corpus proceedings are civil in nature, not criminal. *Id*. (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Therefore, no constitutional right to counsel exists in habeas proceedings. *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)). However, if the interests of justice so require, a habeas applicant who is financially unable to obtain representation may be appointed counsel under the Criminal Justice Act.

*See* 18 U.S.C. § 3006A(a)(2)(B). Whether to appoint counsel is within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001), *cert. denied*, 535 U.S. 1001 (2002).

The record herein does not demonstrate that the interests of justice warrant appointment of counsel. Applicant's habeas application has been reviewed, no need for an evidentiary hearing was demonstrated, and a Recommendation has been made that the relief sought by the Applicant be denied. Having considered the current record in this case, the Court finds that the Applicant is able to present his case adequately. The factual and legal issues raised in this case are not so numerous or complex that the Applicant is unable to present his case adequately at this stage of the litigation.

**2.     Motion for Leave to Expand the Record Pursuant to Rule 7 of the Rules Governing § 2254 Cases.**

Applicant seeks to expand the record in this matter with materials and evidence presented during state postconviction proceedings. However, as the Recommendation for Dismissal of Application filed in this matter evidences, Applicant's state postconviction claims are procedurally barred from review in this Court. Accordingly, expanding the record in this Court in this regard is not warranted.

**3.     Applicant's Motion for Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing § 2254 Cases.**

The decision to grant or deny an evidentiary hearing when there are material facts in dispute is generally at the discretion of the Court. *See Townsend v. Sain*, 372 U.S. 293, 312, 318 (1963), overruled in party by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), and limited by § 2254(e)(2). However, a Court's discretion is significantly circumscribed by § 2254(e)(2). *See Williams v. Taylor*, 529 U.S. 420 (2000).

In this case, the factual basis the Applicant seeks to establish through an evidentiary hearing in this Court surrounds his state postconviction proceedings and claims. Those matters are procedurally barred from review in this Court, and therefore, an evidentiary hearing is not warranted.

Based upon the foregoing , and the entire record herein, it is hereby ORDERED as follows:

1. Motion for Appointment of Counsel [Filed October 16, 2005;Docket #9] is **denied.**

2. Motion for Leave to Expand the Record Pursuant to Rule 7 of the Rules Governing § 2254 Cases [Filed December 29, 2005;Docket #12] is **denied.**

3. Applicant's Motion for Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing § 2254 Cases [Filed January 25, 2006; Docket #17] is **denied.**

Dated at Denver, Colorado, this 9th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge