IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01767-PSF-MEH

CARL WILLIAM PURSLEY, JR.,

Plaintiff,

v.

AL ESTEP, WARDEN, LCF; and
ATTORNEY GENERAL, State of Colorado,

Defendant.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**
**DATED AUGUST 9, 2006**

---

## I. INTRODUCTION

This *habeas corpus* application is before the Court on the Recommendation of the Magistrate Judge (Dkt. # 24), filed August 9, 2006, in which he recommended dismissal of plaintiff's *pro se* application in its entirety as time-barred by the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge also recommended, alternatively, that the Court find that all of plaintiff's claims except for Claims One, Four and Five were not cognizable on *habeas corpus* review for failure to exhaust the claims in state court, and are now procedurally defaulted by failing to timely raise those claims. As to Claims One, Four and Five, the Magistrate Judge recommended that they be dismissed on their merits with prejudice.

By Order entered August 24, 2006, plaintiff was granted an extension of time through September 25, 2006 within which to file his Objection to the Recommendation of the Magistrate Judge (Dkt. # 28). Plaintiff timely filed his Objection on September 11, 2006 (Dkt. # 30). The matter is now ripe for determination by this Court.

## II. RECOMMENDATION TO DISMISS APPLICATION

The Magistrate Judge correctly described the eleven claims asserted by plaintiff in his *habeas* application, two having multiple sub-parts, as well as the facts relating to plaintiff's convictions in state court, his efforts to file postconviction motions, and the state courts' disposition of those motions. As these matters are accurately set forth in the Recommendation of the Magistrate Judge they need not be repeated here at length. Furthermore, as this Court finds that the Magistrate Judge correctly determined that plaintiff's application was subject to being dismissed for untimeliness, the Court will only address that aspect of the Recommendation.

The Magistrate Judge found that plaintiff's state court conviction became final prior to April 24, 1996, the effective date of AEDPA, therefore his habeas corpus application, or a state court motion for postconviction relief that would toll the time period, had to be filed no later than one year after that date, or April 24, 1997, in order to satisfy the one-year limitations period (Recommendation at 5-7). Although it appears that the respondent and the plaintiff initially may not have agreed on the exact date when plaintiff's state court conviction became final (*see id.* at 6-7), it is now clear that all parties agree that plaintiff's conviction became final prior to April 24, 1996, so that the one-year limitations period expired by April 24, 1997 (*see* Objection at 3).

It is also not disputed that plaintiff's *habeas* petition was filed in September 2005, well after the expiration of the one-year period described above. However, because 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," the central issue here is whether plaintiff had a "properly filed application for State post-conviction" review pending by April 24, 1997 so as to toll the one year period.

It is undisputed that plaintiff's first state court postconviction motion under Rule 35(c), Colo. R. Crim. P., was not filed until August 20, 1998. But plaintiff asserts, nonetheless, that he satisfied the requirement to file a postconviction motion within the one-year period when he filed a motion for appointment of postconviction counsel in June 1996.[1] Respondents concede that plaintiff filed such a motion, but argue that such action does not constitute a "properly filed application" for state court post-conviction relief within the meaning of 28 U.S.C. § 2244(d)(2) and therefore does not qualify as a tolling motion for purposes of AEDPA.

The Magistrate Judge, relying in part on the decision in *Habteselassie v. Novak,* 209 F.3d 1208, 1210-11 (10th Cir. 2000) found that such a motion did not toll the limitations period. Thus the Magistrate Judge recommends dismissal of plaintiff's application as untimely under AEDPA.

---

[1] The Magistrate Judge's Recommendation erroneously refers to the year 2006 rather than 1996 (Recommendation at 8).

## III. ANALYSIS

This Court agrees with the result reached by the Magistrate Judge but also finds additional reasons to reach the same result expressed in the Magistrate Judge's Recommendation. In *Habteselassie* the Tenth Circuit panel addressed the issue of whether the postconviction motion in that case was a "properly filed application" under §2244(d)(2). The decision notes that Congress did not define the attributes of a properly filed application under the statute and states that the question was then one of first impression. 209 F.3d at 1210. The decision holds that a "'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief." *Id*. The decision specifies that such requirements may include: "(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion." *Id*. at 1210-11 (footnote omitted).[2]

Citing these requirements, the Magistrate Judge in the instant case found that plaintiff appeared to be arguing that his motion for appointment of counsel was akin to condition precedent that had to be met prior to the filing of a postconviction motion because, plaintiff asserted, Colorado had a practice of appointing counsel to investigate whether arguable merit exists for postconviction relief. Thus, plaintiff

[2] These requirements identified by the Tenth Circuit were later cited favorably by the Unites States Supreme Court in *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

appeared to be arguing that his motion satisfied at least one of the criteria specified in *Habteselassie,* namely that he timely met a “condition precedent” to the filing of a postconviction motion and thereby tolled the running of the one-year period (Recommendation at 9).

The Magistrate Judge rejected plaintiff’s argument for two reasons. First, he states that plaintiff cites to no authority that the state required representation by counsel before a state postconviction application could be filed, thus such motion could not be considered a “condition precedent” to filing such a motion. Second, the Magistrate Judge found that there is no federal or state constitutional right to counsel in postconviction proceedings (*id.*). The Magistrate Judge concluded that there was no impediment to plaintiff timely filing a *pro se* postconviction motion (*id.*), and having failed to do so, he allowed the time limit to expire.

While this Court agrees with the conclusions of the Magistrate Judge as expressed in his Recommendation, this Court also finds that even if the filing of a motion for appointment of postconviction counsel were a precondition in Colorado to the filing of a Rule 35(c) motion for postconviction relief, as plaintiff here argued, the filing of such a motion alone does not serve to toll the one-year period.

In *Tinker v. Hanks,* 172 F.3d 990 (7th Cir. 1999) (*“Tinker I”*) the Seventh Circuit panel held that an application for permission to file a second state postconviction proceeding (a requirement of the Indiana criminal procedure rules), is not a “properly filed application” for state postconviction relief, and therefore the filing of such application did not serve to toll the time period under § 2244(d)(2). That decision was

vacated by the United States Supreme Court in light of the decision in *Artuz v. Bennet, supra,* and remanded to the Seventh Circuit. *Tinker v. Hanks,* 531 U.S. 987 (2000).

However, on remand, in *Tinker v. Hanks,* 255 F.3d 444 (7th Cir. 2001), *cert. denied*, 535 U.S. 956 (2002) ("*Tinker II"*) the Seventh Circuit panel reinstated its original ruling that the filing of the application for leave to file a second postconviction motion does not constitute a "properly filed application," stating that it read the Supreme Court decision in *Artuz* as differentiating between a petitioner meeting a "condition to filing" as opposed to meeting a "condition for obtaining relief." 255 F.3d at 445. Where the petitioner files only the former, a filing precondition, such filing was found not to be a "properly filed application" for postconviction relief, and therefore did not toll the statutory period under §2244(d)(2). *Id.* at 446. As noted above, the Supreme Court denied *certiorari* review of *Tinker II*. 535 U.S. 956 (2002). In the instant case, even if plaintiff's motion for appointment of counsel were considered, as plaintiff apparently urged, to be a condition precedent to the filing of a Rule 35(c) motion, the filing of the motion for appointment of counsel does not serve to toll the one-year statutory period.

Although not cited by the Magistrate Judge for this exact point, decisions from other circuits have also expressly held that the timely filing of a motion for appointment of postconviction counsel in state court does not constitute a "properly filed application" that serves to toll the one-year statutory period under §2244(d)(2). *See Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003), *cert. denied,* 541 U.S. 963 (2004); *Beery v. Ault,* 312 F.3d 948, 950-51 (8th Cir. 2002), *cert. denied,* 539 U.S. 933 (2003).

Separate from the procedural aspects of a properly filed postconviction application, the Magistrate Judge also found that in order for a filing to be viewed as an application for postconviction relief, the filing must at least set forth grounds for the entry of postconviction relief, as well as the relief requested, and must collaterally attack the relevant conviction or sentence (Recommendation at 10). The Magistrate Judge found that:

> Under the parameters identified by the Applicant concerning the practice of Colorado district courts with respect to appointment of counsel in postconviction proceedings, a request for appointment of counsel would not qualify as a properly filed application for postconviction relief. Under the Colorado postconviction procedure alleged by the Applicant to be in place when he filed his motion for appointment of counsel, the purpose and intent of appointing legal counsel was to help in investigating and preparing an application. Nothing in the record demonstrates that Applicant's request for appointment of counsel placed the merits of the claims he sought to raise before the state courts or was anything more than a request for assistance of counsel to prepare his postconviction application.

*Id.* at 10-11.

In his Objection plaintiff now contends that the Magistrate Judge "misapprehended" plaintiff's motion for appointment of counsel by describing it as a "condition precedent" and now argues that the motion, together with other filings made by him between June 1996 and February 1997, "set forth grounds for which postconviction relief could be granted." Objection at 2-3.

If the motion for appointment of counsel did indeed set forth specific grounds for the entry of postconviction relief, as well as stating the relief requested, the Magistrate Judge as well as this Court might find the filing to be the equivalent of a postconviction

motion for relief. *Cf. Isley v. Arizona Dept. of Corrections,* 383 F.3d 1054 (9th Cir. 2004). Unfortunately, the record in this case does not contain a copy of the motion for appointment of counsel filed by plaintiff on June 13, 1996, or the other filings made by plaintiff between that date and February 25, 1997. Rather, all that appears in the record in this case is a computer printout attached as Exhibit L to the Respondent's Answer to the Petition (Dkt. # 7). Although that printout certainly reflects filings by plaintiff including ones received on June 13, 1996, June 26, 1996, February 24, 1997 and February 26, 1997 (Exhibit L at pp. 1-4), the printout does not reveal the contents of what was actually filed. This Court has searched through plaintiff's various filings in this case, and the many documents attached to those filings, but finds no copies of these filings made by plaintiff in state court attached to the record herein. Indeed, to the extent that plaintiff himself cites to the key document on which he relies for tolling (the motion for appointment of counsel filed June 13, 1996), he too cites only to the cryptic references in Exhibit L to the Respondent's Answer (*see* Supplement to Reply, Dkt. # 14, at 2; Objection at 5).

Accordingly, this Court cannot evaluate plaintiff's assertion that he in fact argued grounds for postconviction relief in those filings so as to permit tolling under § 2244(d)(2). Because the burden remains on plaintiff to demonstrate the timely filing of state postconviction motions, his assertions that his filings raised substantive grounds for postconviction relief cannot be accepted absent copies of such documents for this Court to review. *See e.g. Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

The Magistrate Judge also considered but rejected plaintiff's claim that equitable tolling should be applied here to stop the running of the one-year period. Relying on *Burger v. Scott, supra*, and *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001), the Magistrate Judge found that equitable tolling could be invoked if the plaintiff demonstrated that the failure to timely file was due to circumstances beyond his control (Recommendation at 12). Here, the Magistrate Judge found that plaintiff's failure to timely file a substantive Rule 35(c) postconviction motion was not due to circumstances beyond his control (*id.* at 13-14) . Unlike the situation in *Burger, supra*, where the applicant apparently mailed his postconviction petition to the court before the expiration of the one-year period but it did not get docketed by the clerk until some five months after the expiration of the period, here plaintiff made no attempt to file a postconviction motion until August 1998. In his supplement to his reply (Dkt. # 14) plaintiff appeared to argue that much of the delay was due to the pendency of his motion for appointment of counsel (*id.* at 4-5). Yet nothing precluded the plaintiff from filing his postconviction motion *pro se*, as the Magistrate Judge correctly found (*id*. at 13). As the Magistrate Judge correctly stated, attempts to obtain counsel are not considered extraordinary circumstances justifying equitable tolling. *See Beery v. Ault, supra* 312 F.3d at 951-52; *Lookingbill v. Cockrell*, 293 F.3d 256, 263-64 (5th Cir. 2002).

In his Objection, plaintiff now asserts that he could not file a *pro se* postconviction motion because during the time his motion for appointment of counsel was pending, he was represented by other counsel and "could not, at the same time,

act pro-se." (Objection at 4-5). However, he also points out that on January 28, 1997 that counsel withdrew from the case and after that date he was "permitted to proceed pro se." (*Id.*). As noted above, the one-year filing period did not expire until April 24, 1997. Although plaintiff also states that new counsel was appointed to represent him on February 24, 1997, once again putting him in the position where he could no longer proceed *pro se* (*id.*), while he was acting *pro se* plaintiff had one month to file a postconviction motion. During that period he apparently filed other motions, and he could have, but did not file a motion setting forth grounds for postconviction relief.[3]

Finally, plaintiff argues in his Objection that equitable tolling should be applied because his newly appointed counsel did not know of or misunderstood the implication of the one-year period limitations period, and that the negligence of that counsel caused plaintiff to file untimely (Objection at 5-6). But as the Magistrate Judge correctly found, because there is no right postconviction counsel any alleged negligence on the part of such counsel does not provide a basis for equitable tolling. *See Hankins v. Boone*, 2000 WL 972963 (10th Cir. July 14, 2000); *cf. Smallwood v. Gibson*, 191 F.3d 1257, 1267 n. 4 (10th Cir. 1999) ("Petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because there is no constitutional right to an attorney in state post-conviction proceedings." (Internal citation omitted)). Equitable tolling of the one-year period is not justified in these circumstances.

[3] As noted above, the Court does not have copies of these motions. Although their filing is noted on Exhibit L to Respondent's Answer, no review of the contents is possible because they do not appear in the record.

For the reasons set forth above, this Court finds that plaintiff failed to timely file his *habeas* application in this Court. As the application was not timely filed, and therefore all of plaintiff's claims are subject to dismissal, the Court need not address the other alternative points raised in the Recommendation of the Magistrate Judge regarding whether plaintiff exhausted all of his claims or there are grounds to deny Claims One, Four and Five on their merits.

**CONCLUSION**

Plaintiff's Application For Writ of Habeas Corpus is DENIED and the Clerk of the Court is directed to DISMISS this case with prejudice.

DATED: October 31, 2006

BY THE COURT:

*s/ Phillip S. Figa*

Phillip S. Figa
United States District Judge