IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01767-PSF-MEH

CARL WILLIAM PURSLEY, JR.,

    Applicant,

vs.

AL ESTEP, Warden of L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**RECOMMENDATION FOR
DENIAL OF MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO F.R. Civ. P. 60(b)**
_____

In this habeas case, Applicant has filed a motion under Fed. R. Civ. P. 60(b) concerning the Court's November 1, 2006 Judgment ("Motion for Relief") (Docket #46). Respondents have filed their response and Applicant his reply. Under the provisions of 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, this matter has been referred to me for Recommendation. I recommend that the Motion for Relief be **denied**.

## BACKGROUND

Applicant is a state prisoner in Colorado. He filed a *pro se* habeas corpus application under 28 U.S.C. § 2254 challenging his Colorado conviction on jury verdict for one count of second degree murder, one count of attempted first degree murder, and two habitual criminal counts. Following a lengthy jury trial, the Applicant was convicted of attempted first degree murder for trying to cut the throat of his estranged wife and of second degree murder for cutting the throat of, and inflicting lethal

blows to the head of, another woman, who was in the same apartment as his wife. The jury also found him guilty of two counts alleging a crime of violence and of two habitual criminal counts.

Applicant directly appealed his conviction, arguing that numerous errors and omissions were committed by the trial court, the prosecution, and his counsel. The Colorado Court of Appeals rejected the majority of Applicant's claims, but agreed with an argument he made that the jury instruction given during the trial on first degree murder was improper. The state appellate court vacated the judgment of conviction on that count and remanded for further proceedings, giving the prosecution the option of either re-trying the Applicant on the charge of first degree murder or resentencing him for the lesser crime of attempted second degree murder. On remand, the Applicant was resentenced on a charge of attempted second degree murder. Thereafter, the Applicant sought postconviction relief under the provisions of Colo. R. Crim. P. 35 but was unsuccessful in the state courts.

On September 13, 2005, the Applicant filed his Application in this Court, seeking federal habeas relief. In the Application, the Applicant asserted eleven claims for relief, including two with multiple subparts. This Court recommended that the Application be denied and the case dismissed, because the Application was untimely filed under the one-year limitations period applicable to the Application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). District Judge Figa adopted the Recommendation, and the Court entered judgment against the Applicant.

The Applicant submitted a Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action. Judge Figa denied that motion on November 20, 2006, on the ground that the appeal was not taken in good faith, because Applicant had not shown the existence of a reasoned, nonfrivolous argument on the law and

the facts in support of the issues raised on appeal. The Tenth Circuit affirmed, agreeing with this Court that the Application was time barred and, further, that Applicant did not present, under *Schlup v. Delo*, 513 U.S. 298, 327 (1995), any new evidence that makes it "more likely than not that no reasonable juror" would have convicted him. *Pursley v. Estep*, No. 06-1496, slip op. at 4 (10th Cir. Feb. 8, 2007). This timely motion followed. Applicant reiterates his *Schlup* argument, among other points.

## ANALYSIS

As noted by the Respondents, Federal Rule of Civil Procedure 60(b) applies in federal habeas proceedings only to the extent that it is not inconsistent with applicable federal statutes and rules. 28 U.S.C.A. § 2254; Fed. R. Civ. P. 60(b); *Gonzalez v. Crosby*, 545 U.S. 524 (2005). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *Ackermann v. United States,* 340 U.S. 193, 199 (1950).

Under the analysis in *Gonzalez v. Crosby*, the Court must determine whether Applicant's Rule 60(b) motion is, in fact, a successive habeas claim couched as a motion for relief from judgment and, if so, apply AEDPA's successive claims restrictions. The Supreme Court said that a Rule 60(b) motion will be considered a new habeas claim when "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." 545 U.S. at 531 (emphasis in original). The Supreme Court stated that a decision "on the merits" means that a court has determined "that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* n.4. When, however, the petitioner alleges a defect in the "integrity of the federal habeas proceedings," the Rule 60(b) motion is not considered a new

3

habeas claim. *Id.* & n.5. In essence, if the Rule 60(b) motion addresses a merits determination, it is a successive petition; when it addresses a nonmerits aspect of the habeas proceeding (such as a statute of limitations determination), it is not a successive petition. *Id.* at 534. If the Rule 60(b) motion is considered a successive claim presented in a prior application, it must be dismissed under the AEDPA-amended habeas statute, 28 U.S.C. § 2244(b). *Id.* at 530.

In his first argument, Applicant contends that this Court did not address Applicant's request to develop a factual record in support of his *Schlup* argument, due to inadvertence. On its face, this would be a nonsuccessive claim, as it addresses the integrity of this Court's habeas proceedings. However, the Court believes that it is barred by the *Gonzalez v. Crosby* analysis from awarding relief here, because of the decisions that this Court and the Tenth Circuit made on the merits of the *Schlup* claim. This Court did actually address the *Schlup* claim and found, as affirmed by the Tenth Circuit, that Applicant "presented no evidence supporting his alleged actual innocence." Recommendation dated August 9, 2006, at 12. In his Supplement to Applicant's Reply dated January 11, 2006, Applicant did not request an opportunity to develop the record. In footnote 9 at page 13, he requested a hearing before the Court on his habeas application, and made the isolated factual statement that he "has not previously been given an opportunity to develop the record to meet" what he terms a "heightened standard of proof" for a claim of actual innocence. Therefore, Court does not believe that it inadvertently overlooked any substantive argument by Applicant. Whatever claim the Applicant *actually* made under *Schlup* was, in fact, addressed by the Court. Thus, this part of his Rule 60(b) motion should be denied. Further, as noted above, the Tenth Circuit addressed the merits of this claim as well, and rejected it. The Court determines that this is a claim that must be dismissed

as successive, because it attacks the federal courts' resolution of a claim that was decided on its merits.

Moreover, as the Respondents note, Applicant's claim is one of legal error, which, if based on Fed. R. Civ. P. 60(b)(1)'s mistake provision, should have been filed within the normal time for taking an appeal. *E.g.*, *Townsend v. Social Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007). Thus, Applicant's current motion is likely time-barred as well.

The remainder of Applicant's Motion for Relief is simply a re-argument of evidence that was presented to the jury in this case and that was included and adjudicated in his state postconviction proceedings.

Even if a merits decision were available to Applicant, this Court reiterates that nothing provided in the Motion for Relief persuades the Court that it is more likely than not that no reasonable juror would have convicted Applicant of the crimes for which he is incarcerated.

Finally, the Court finds no merit to the arguments of prejudice which Applicant makes concerning the timing of delivery of prior Court orders.

## **CONCLUSION**

Based upon the foregoing analysis, and the entire record herein, I hereby **recommend** that District Judge Phillip S. Figa **deny** the Motion for Relief [Filed July 30, 2007; Docket #46] and the arguments made by Applicant in Docket Nos. 52 and 53. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and

Dated at Denver, Colorado, this 1st day of October, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).