IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01767-PSF-MEH

CARL WILLIAM PURSLEY, JR.,

    Plaintiff,

v.

AL ESTEP, WARDEN, LCF; and
ATTORNEY GENERAL, State of Colorado,

    Defendant.

**ORDER ON OCTOBER 1, 2007 MAGISTRATE JUDGE'S RECOMMENDATION**

This matter comes before the Court on the Recommendation of the Magistrate Judge entered October 1, 2007 (Dkt. # 54), in which he recommends denying plaintiff's Motion for Relief from Judgment under Rule 60(b), F.R.Civ.P. (Dkt. # 46), filed July 23, 2007. Plaintiff has filed an objection to the Recommendation of the Magistrate Judge (Dkt. # 58). For the reasons set forth below, the Court accepts the Recommendation and denies plaintiff's motion under Rule 60(b).

On October 31, 2006, this Court denied plaintiff's request for habeas corpus relief, accepting a Recommendation issued by the Magistrate Judge on August 9, 2006, (Dkt. # 24), and finding essentially that plaintiff's petition was time barred by the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). The Recommendation of the Magistrate Judge also rejected plaintiff's claim that he established an exception to the procedural bar of AEDPA by making a showing of "actual innocence" in accordance with *Schlup v. Delo*,

513 U.S. 298, 327 (1995) (Dkt. # 24 at 12-13). Although this Court did not expressly state in its Order that this finding of the Magistrate Judge was accepted by this Court, it did adopt the Recommendation that equitable tolling was not justified in the circumstances of this case. Moreover, on appeal, the Tenth Circuit expressly rejected plaintiff's argument that he should be excepted from the AEDPA statute of limitations on the ground that he made a showing of actual innocence (*See Pursley v. Estep*, No. 06-1496, slip op. at 4 (10th Cir., Feb. 8, 2007).

Plaintiff's Rule 60(b) motion now argues that he should be granted relief from this Court's judgment "so this Court may determine [his] previously raised, but unresolved, *Schlup* claim." Motion at 1. Plaintiff also appears to now argue that he did not have a fair opportunity to present evidence of his "actual innocence" because he did not know, when he filed his objection to the Magistrate Judge's Recommendation of August 9, 2006, that his previously filed Motion for Leave to Expand the Record and his previously filed Motion for Evidentiary Hearing had been denied. Had he had so known, plaintiff appears to now state, he would have made a showing of his "actual innocence" at the time he filed his objection to the Recommendation (*see* Rule 60(b) Motion at 2-4).

In the current Recommendation, the Magistrate Judge finds that plaintiff's Rule 60(b) motion is no more than a "successive habeas" petition addressing a merits determination, as that term is explained in *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), which in these circumstances must be dismissed as untimely under AEDPA, as opposed to a claim alleging a "defect in the habeas proceeding," which would not

2

necessarily be subject to dismissal as a successive petition (Recommendation at 3-5). In reaching this result, the Magistrate Judge finds that plaintiff's *Schlup* claim was addressed on the merits, and therefore the Rule 60(b) motion should be treated as a successive petition and must be dismissed. This Court agrees that plaintiff's claim of "actual innocence" was resolved on the merits and therefore the Rule 60(b) motion should be denied.

In his Objection to this Court (Dkt. # 58), plaintiff also argues that he should be granted relief because at the time he filed his objection to the August 9, 2006 Recommendation (Dkt. # 30 filed September 11, 2006), he had not received the Magistrate Judge's order denying his motions as discussed above. Therefore, he now claims, because he thought his motion "was still pending when he filed his objection" he did not address "that aspect regarding the material and evidence in the state record supporting his claim." (Objection, Dkt. # 58, at 7). He further states that had he known that his request for the state court record had been denied, "he would have argued in his objections that the state [court] record was imperative in resolving many of the issues, and [he would have] provided a prima facie showing of the content of the state record." *Id*.

The Court finds this argument without merit for the following reasons. As plaintiff himself states, "the crux" of his motion (Dkt. # 58 at 1) is that he did not receive an order entered by the Magistrate Judge on August 9, 2006 (Dkt. # 23), which denied his application for an evidentiary hearing (Dkt. # 17) and his motion for leave to expand the

record (Dkt. # 12). The Magistrate Judge's order (Dkt. # 23) was issued on August 9, 2006, the same date as the Recommendation that plaintiff's habeas petition be denied. Plaintiff asserts he received neither the Recommendation nor the order from the court clerk, and that he subsequently received only the Recommendation and only after counsel for respondent provided it to him.

However, the Court notes that the Magistrate Judge's Recommendation, which plaintiff admits receiving and to which he filed an objection, expressly references plaintiff's motion for evidentiary hearing (Dkt. # 17) and states that granting such a hearing "in this regard would be in complete contravention of the standards established by the AEDPA." Objection, Dkt. # 24, at 20). Plaintiff was certainly on notice when he filed his objection on September 11, 2006 that his request for a hearing was not going to be granted.

Moreover, in his objection filed September 11, 2006 (Dkt. # 30), plaintiff expressly referred to the above statement by the Magistrate Judge (*see* Dkt. # 30 at 8), thus indicating that he well knew his request for an evidentiary hearing had been denied, despite not having received the specific order. Having so known, he had the opportunity to make whatever showing he desired regarding his alleged "actual innocence." Plaintiff did make an argument in his objection that he had demonstrated actual innocence. *See* objection at 7-8. But, as noted above, this Court and the Tenth Circuit did not find an adequate showing by plaintiff so as to toll the application of the limitations period of AEDPA.

4

In the current Recommendation the Magistrate Judge also found that the Rule 60(b) motion was not timely filed, as it should have been filed within a "reasonable time." This Court agrees. Although Rule 60(b) does not define a reasonable time, it typically means within the normal time for taking an appeal. *See e.g. Harbison v. Bell, 503* F.3d 566, 569 (6th Cir. 2007). Here, plaintiff waited nearly nine months after this Court's Order, and until his after appeal had already been denied by the Tenth Circuit, before filing his Rule 60(b) motion. The filing is untimely.

The Magistrate Judge also found the remainder of plaintiff's Rule 60(b) motion is simply a re-argument of evidence that was presented to the jury in this case that was included and adjudicated in his state post-conviction proceedings, so that even if a merits decision were available, nothing provided in the motion demonstrates that it is more likely than not that no reasonable juror would have convicted plaintiff of the crimes for which he is incarcerated. This Court agrees with such conclusion.

**CONCLUSION**

The Recommendation of the Magistrate Judge entered October 1, 2007 (Dkt. # 54), is accepted and plaintiff's Motion for Relief from Judgment under Rule 60(b), F.R.Civ.P. (Dkt. # 46), filed July 23, 2007 is DENIED.

DATED: December 7, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge