IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01767-PSF-MEH

CARL WILLIAM PURSLEY, JR.,

    Applicant,
v.

AL ESTEP, Warden of L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

**RECOMMENDATION ON APPLICANT'S MOTION TO PROCEED ON APPEAL
PURSUANT TO 28 U.S.C. § 1915 IN A HABEAS CORPUS ACTION**
_____

    Applicant has submitted a Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action [Docket #81]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation [Docket #83].

    Applicant states that he will raise the following issues on appeal: "(1) whether the Rule 60(b) motion constitutes a 'successive petition,' and if so, should the matter have been referred to the Court of Appeals for authorization under § 2244(b)(3) pursuant to 28 U.S.C. § 1631; (2) whether the Rule 60(b) motion was untimely filed; (3) whether the Court should have granted leave to expand the record; and (4) whether the Court had authority to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B)." Motion at 3.

    Having reviewed the record in this case, the Court determines, pursuant to 28 U.S.C. § 1915(a)(3), that this appeal is not taken in good faith, because Applicant has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues he plans to raise

on appeal. Applicant's first three claims address the Court's conclusion that no proper grounds under Rule 60(b) existed for Applicant's Motion fro Relief from Judgment. For the first time, Applicant contends that the Court should have transferred his Application to the Circuit Court if the Court considered it a successive petition. Applicant's claims are contradictory. Either he is pursuing the argument that his petition is not successive and appealing the District Court's determination of his Rule 60(b) motion, or he is attempting to file a successive petition, in which case he can simply request to file a successive petition directly with the Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3). Applicant's fourth claim addresses the District Court's denial of his Motion to Appoint Counsel. The Court's Order states that it cannot appoint counsel over the objection of counsel and can only seek volunteer counsel if, in the Court's discretion, such relief is appropriate. Therefore, Applicant's appeals in this case are based on frivolous arguments.

Accordingly, it is hereby RECOMMENDED that Applicant's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action [Filed February 1, 2008; Docket #81] be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado, this 6th day of March, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge