IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 05-cv-01767-WYD-MEH

CARL WILLIAM PURSLEY, JR.

        Applicant,

v.

AL ESTEP, Warden, LCF, and
ATTORNEY GENERAL, State of Colorado,

        Respondents.

---

## ORDER

---

I.     INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Applicant's *pro se* "Motion for Fed.R.Civ.P

60(b) Relief" from final judgment, brought pursuant to Fed. R. Civ. P. 60(b)(4) & (6), filed

November 26, 2008 [#97].  This case was assigned to me upon the untimely passing of

Judge Phillip S.Figa.

By way of background, I note that Applicant initiated this action on September 13,

2005, with the filing of his Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Applicant

is a state prisoner in Colorado and challenges his Colorado conviction on jury verdict for

one count of second degree murder, one count of attempted first degree murder, and two

habitual criminal counts.  Applicant directly appealed his conviction.  The Colorado Court of

Appeals rejected the majority of his claims, but agreed that the jury instruction given on first

degree murder was improper.  On remand, the Applicant was resentenced on a charge of

attempted second degree murder.  Thereafter, Applicant unsuccessfully sought

postconviction relief under Colo. R. Crim. P. 35.

In his Application to this Court, filed September, 2005, Applicant asserted eleven claims for relief, including two with multiple subparts.  On August 9, 2006, Magistrate Judge Michael Hegarty entered a Recommendation for Dismissal of Application, finding that the Application was not timely filed.  *See* Recommendation for Dismissal of Action [#24].  The Recommendation was affirmed by Judge Figa on October 31, 2006.  *See* Order on Recommendation of Magistrate Judge [#34].  Specifically, Judge Figa found that Applicant failed to satisfy the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Judge Figa found that "all parties agree that plaintiff's conviction became final prior to April 24, 2006, so that the one-year limitations period expired by April 24, 1997."  In so ruling, Judge Figa rejected Applicant's argument that his request for appointment of postconviction counsel constituted a "properly filed application for State post-conviction" review sufficient to toll the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(2).  Judge Figa also denied Applicant's request for equitable tolling of the one-year limitations period.

Following entry of Judge Figa's Order, Applicant then submitted a Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915, and a motion for certificate of appealability ("COA").  Judge Figa denied the request for COA on the grounds that the appeal was not taken in good faith because Applicant had not shown the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal.  Applicant then sought a COA from the Tenth Circuit Court of Appeals.  The Tenth Circuit denied Applicant's motion for COA and dismissed his appeal adopting Judge Figa's reasoning on the statute of limitations issue and rejecting Applicant's claim that he should be excepted from the AEDPA's statute of limitations on the grounds of

-2-

actual innocence under *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  *See Pursley v. Estep*,
No. 06-1496, slip op. (10th Cir., Feb. 8, 2007).

Shortly thereafter, Applicant filed a motion under Fed. R. Civ. P. 60(b), appealing the
dismissal of his Application.  *See* Motion for Relief From Judgment Pursuant to Fed. R. Civ.
P. 60(b), filed July 23, 2007 [#46].  In this initial Rule 60(b) motion, Applicant requested that
Judge Figa reconsider his *Schlup* claim.  On October 1, 2007, Magistrate Judge Hegarty
entered a Recommendation for Denial of Motion for Relief From Judgement Pursuant to
F.R Civ. P. 60(b), which was adopted and affirmed by Judge Figa on December 7, 2007.
*See* Order on October 1, 2007 Magistrate Judge's Recommendation [#62].  Judge Figa
determined that Applicant's *Schlup* claim had previously been addressed on the merits, and
therefore the Rule 60(b) motion should be treated as a successive habeas petition and
dismissed pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).  Judge Figa also
found that the Rule 60(b) motion was not brought within a reasonable time as Applicant
waited nearly nine months after this Court's Order and until after his appeal had already
been denied by the Tenth Circuit before filing his Rule 60(b) motion.

Applicant then filed a Notice of Appeal concerning the denial of his Rule 60(b)
motion.  His request for COA was denied by the district court and the Tenth Circuit, and his
appeal was ultimately dismissed.  *See Pursley v. Estep*, No. 07-1529, slip op. (10th Cir.,
July 17, 2008).  On November 17, 2008, Applicant filed a writ of certiorari in the United
States Supreme Court, which was denied on March 23, 2009.

II.    ANALYSIS

A.    <u>Legal Standard</u>:

The AEDPA-amended habeas corpus statutes restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus.  *See* 28 U.S.C. § 2244.  When faced with a Rule 60(b) motion arising within the habeas context, the court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Gonzales v. Crosby*, 545 U.S. 524 (2005).  "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).  However, "a Rule 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition." *Spitznas*, 464 F.3d at 1216.  If a Rule 60(b) motion is a "true" 60(b) motion, it may be disposed of as such. *Id.* at 1217.  However, if the Rule 60(b) motion is actually a second or successive petition, it should be referred to the Tenth Circuit Court of Appeals for authorization under 28 U.S.C. § 2244(b)(3). *Id.*  If the Rule 60(b) motion contains both true Rule (60)(b) allegations and second or successive habeas claims, the district court should first address the "true" 60(b) claims, and then refer the second or successive claims for authorization. *Id.*

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for

relief from judgment." *Van Skiver*, 952 F.2d at 1243-44.  Rule 60(b)(1) permits a court to

set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect."  As

to Rule 60(b)(4), "[a] judgment is void for Rule 60(b)(4) purposes if the 'rendering court was

powerless to enter it.'"  *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir.

2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)), *cert. denied*,

121 S. Ct. 2520 (2001).  Rule 60(b)(5) authorizes the Court to relieve a party from a final

order or judgment "where it is no longer equitable that the judgment should have

prospective application."  Finally, Rule 60(b)(6) provides that, "On motion and upon such

terms as are just, the court may relieve a party or a party's legal representative from a final

judgment . . . [for] any other reason justifying relief from the operation of the judgment."

"Rule 60(b)(6) has been described by this court as a 'grand reservoir of equitable power to

do justice in a particular case.'"  *Van Skiver v. United States* , 952 F.2d 1241, 1244 (10th

Cir. 1991) (quotation and internal quotation marks omitted).  "[A] district court may grant a

Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to

accomplish justice."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).

     B.    <u>Applicant's Second Rule 60(b) Motion</u>:

     In the instant Rule 60(b) motion, filed November 26, 2008, Applicant seeks relief

from Judge Figa's August 6, 2006 Order [#34] denying his habeas petition and requests

reconsideration of Judge Figa's December 7, 2007 Order [#62] denying his first Rule 60(b)

motion.  As discussed above, Applicant has already unsuccessfully appealed these Orders

to the Tenth Circuit Court of Appeals.  As an initial matter, I note that the issues raised in

Applicant's instant Rule 60(b) motion are true "procedural" claims, rather than second or

successive habeas claims, and, therefore, I will address the merits of these claims under

the framework set forth in Rule 60(b).

Here, Applicant requests relief under Rule 60(b)(4) and (b)(6).  I find that subpart (b)(4) does not apply because this Court had authority to enter the orders denying Applicant's habeas petition [#34] and denying his initial Rule 60(b) motion [#62].  *See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)), *cert. denied*, 121 S. Ct. 2520 (2001) (Per Rule 60(b)(4), "[a] judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'").  Therefore, Applicant will prevail in the instant motion only if he can demonstrate unusual and highly extra extraordinary circumstances sufficient to justify relief under subpart (b)(6).  "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).  Extraordinary circumstances have been found to exist when, after the entry of the judgment, enforcement of the judgment was made inequitable by events not contemplated by the moving party.  *Id.*; *see also LeBlanc v. Cleveland*, 248 F.3d 95, (2nd Cir. 2001) (extraordinary circumstances were demonstrated under Rule 60(b)(6) where the plaintiff would be left without a remedy due to the running of the statute of limitations).  The District Court has substantial discretion in a Rule 60(b)(6) motion.  *Cashner*, 98 F.3d at 580.

Turning to the instant motion, Applicant first claims that the court's analysis of the statute of limitations issue was incomplete because the court failed to address his assertion that the one-year statute of  limitations period for filing his Application ran from the date on which the factual predicate of his claims could have been discovered through due diligence under 28 U.S.C. § 2244(d)(1)(D).  Generally, a motion asserting that the district court

incorrectly dismissed a petition because of the statute of limitations constitutes a true 60(b)

motion. *Spitznas*, 464 F.3d at 1216.  As discussed above, Judge Figa initially determined

that the Application was untimely because the one-year limitations period set forth in 28

U.S.C. 2244(d)(1) expired by April 24, 2007, and was not tolled under subpart (d)(2) by

Applicant's filing of a motion for appointment of postconviction counsel in April, 1996.  It is

not entirely clear when Applicant first asserted that one-year limitations period should not

commence until the court first determined the various dates he discovered the factual

predicate of the claims alleged in the Application.  It appears he first raised this issue as

part of a statement of "Additional Grounds for Relief from Judgment Pursuant to Fed. R.

Civ. P. 60(b)" filed on September 17, 2007 [#53].  Thus, not only did Applicant fail to raise

this issue in connection with the briefing on his habeas application, the record indicates that

Applicant never sought, and was never granted, leave to amend or supplement his initial

Rule 60(b) motion and, therefore, this new statute of limitations argument was never

properly asserted as part of the initial Rule 60(b) motion.  In addition, this argument was

never raised as part of Applicant's Objection to the Magistrate Judge's recommendation

that his initial Rule 60(b) motion be denied.  In these circumstances, I do not find any

extraordinary justification for Applicant's request that I reconsider Judge Figa's previous

denial of Applicant's initial Rule 60(b) motion and address his new statute of limitations

argument.

Applicant next contends that the district court did not properly address his request to

develop the factual record necessary to demonstrate he was impeded from filing his formal

postconviction application.  To the extent Applicant is claiming a procedural error, I also

address the merits of this claim under Rule 60(b).  Applicant complains that he was not

permitted to expand the record supporting his habeas application and that if had been granted leave to do so, he could have demonstrated that he was entitled to equitable tolling based on his attempts to pursue postconviction relief on his own while waiting for the appointment of postconviction counsel.  Again, I do not find any extraordinary reason to revisit this issue.  Even if Applicant had been permitted to supplement the record with evidence of his attempts obtain transcripts and other records prior to April 24, 2007, this the record is clear that Applicant did not file a habeas corpus application within one-year from the time his conviction became final.

Applicant also contends that the court committed procedural errors by failing to treat his pleadings in accordance with the Tenth Circuit's directive concerning *pro se* filings.  I find no merit to this contention and find that Applicant is not entitled to extraordinary relief on this basis.

Finally, Applicant contends that the court committed procedural errors when it erroneously determined that the evidence he sought to introduce in support of his "innocence" claim was a re-argument of evidence that was presented to the jury and adjudicated in the state postconviction proceedings.  Once again, Applicant presents no compelling reason for revisiting this issue in the context of Rule 60(b)(6).  Even assuming that the "evidence" to which Applicant refers was discovered after the conclusion of his state court proceedings, this evidence is only relevant to his post-conviction claims, which have already been determined to be untimely.

Therefore, for the reasons set forth herein, it is hereby ORDERED that Applicant's *pro se* Motion for Fed.R.Civ.P 60(b) Relief, filed November 26, 2008 [#97], is **DENIED**.

Dated:  September 30, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge